UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
NATHANIEL COLTER,

                Plaintiff,

             -Against-

THE CITY OF NEW YORK, Police Officer
NELSON REYES SHIELD # 27566, Police
Officer LAURENCE LAVERTY Shield # 26559,
Sergeant DANIEL PERRINO, Shield # 13670,
Police Officer JOHN DOE # 1 through 3
in their individual and official capacities as
employees of the City of New York
Police Department,
                       Defendants.
-------------------------------------------------------------X

**AMENDED COMPLAINT AND JURY DEMAND**

15 CV 3214 (ENV)(SMG)

The Plaintiff, NATHANIEL COLTER, by his attorney, Amy Rameau Esq.,

of The Rameau Law Firm, alleges the following, upon information and belief for

this Complaint:

## NATURE OF THE ACTION / PRELIMINARY STATEMENT

1.    This is a civil rights action for money damages brought pursuant

to 42 U.S.C. §§ 1981, 1983, and 1988, the Fourth and Fourteenth

Amendments of the United States Constitution, Article I, Sections 6, 11, and 12

of the Constitution of the State of New York, and the common law of the State

of New York, against the City of New York.

2.    It is alleged that the individual police officer defendants made an

unreasonable seizure of the person of plaintiff, violating his rights under the

Fourth, Eighth and Fourteenth Amendments to the United States Constitution,

1

and that these defendants assaulted and battered plaintiff. It is further alleged that these violations and torts were committed as a result of policies and customs of the City of New York.

3.      Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

4.      At least thirty days have elapsed since the service of the notice of claim, and adjustment or payments of the claim has been neglected or refused.

5.      This action has been commenced within one year and ninety days after the happening of events upon which the claims are based.

## JURISDICTION

6.      This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 (3) and (4).  Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §1331 and §1367.  Plaintiff requests that this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as plaintiff's federal claims.

## VENUE

7.      Under 28 U.S.C. § 1391(b) and (c), venue is proper in the Eastern District of New York.

## PARTIES

8.      Plaintiff was at all material times a resident of the City of New York, New York, and of proper age to commence this lawsuit.

9.      Defendant officers were at all times relevant to this complaint duly appointed officers of the police department of het City of New York, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

10.     The City of New York (hereinafter "The City") is, and was at all material times, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York. The City operates the N.Y.P.D., a department or agency of defendant City responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

11.     The City was at all material times the public employer of defendant officers named herein.

12.     The City is liable for the defendant officers' individual actions pursuant to the doctrine of "*respondeat superior*".

## FACTUAL ALEGATIONS

13.     Plaintiff is and African-American.

14.     On or about October 16, 2014, at approximately 5:00 am, plaintiff was walking in the area of Rockaway Avenue and East New York Avenue when he saw a group of police officers running in his direction. Plaintiff was petrified and ran.

15.     Once plaintiff realized that police officers were chasing him, plaintiff stopped immediately and put his hands up. Defendants cuffed plaintiff before slamming plaintiff onto a police vehicle. One of the defendants put his knee onto the plaintiff's back. Plaintiff could not breath and grasped for air.

16.     Plaintiff begged the defendant to stop. Defendants ignored plaintiff's pleas and applied more pressure onto the plaintiff's body. The officers punched plaintiff in the face repeatedly. Plaintiff vision became blurry as he bled from the nose and mouth. Plaintiff begged the defendants, "I cannot see you. Please loosen the cuffs." Defendants refused.

17.     As a result of this assault, plaintiff had to be rushed to Brookdale Hospital Medical where plaintiff was diagnosed with nasal fracture, closed head, injury, abrasions, among other injuries.

18.     All charges against plaintiff were false and later dismissed.

19.     At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

20.     Defendants employed unnecessary and unreasonable force against the plaintiff. Defendant officers acted maliciously and intentionally, and said acts are examples of gross misconduct. The officers intentionally used excessive force. They acted with reckless and wonton disregard for the rights, health, and safety of the plaintiff.

21.     The conduct of the defendant officers in assaulting the plaintiff and denying him medical attention for hours directly and proximately caused physical and emotional injury, pain and suffering, mental anguish, humiliation and embarrassment.  All of the events complained of above have left permanent emotional scars that the plaintiff will carry with him for the remainder of his life.

22.     At no time did plaintiff assault or attempt to assault any officer, nor did he present a threat or perceived threat to the personal safety of any officer or to the security of the precinct so as to warrant the repeated application of blows. Plaintiff did not provoke this beating nor did he conduct himself in any manner that would warrant any use of force, much less the excessive force actually used.   Defendant officers acted sadistically and maliciously and demonstrated deliberate indifference toward plaintiff's rights and physical well-being.

23.     All of the above was done in violation of state and federal law.

24.     As a direct and proximate result of the malicious and outrageous conduct of defendants set forth above, plaintiff's injury has become permanent in nature as plaintiff now has a mark and a scar on his face.

25.     The conduct of the defendant correctional officers in assaulting the plaintiff and denying him medical attention directly and proximately caused physical and emotional injury, pain and suffering, mental anguish, humiliation and embarrassment.

26.    As a direct and proximate result of the said acts of the defendant officers, the plaintiff suffered the following injuries and damages:

  i.    Violation of his constitutional rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person;

  ii.    Loss of his physical liberty;

  iii.    Physical pain and suffering and emotional trauma and suffering, requiring the expenditure of money for treatment;

27.    The actions of the defendant officers violated the following clearly established and well settled federal constitutional rights of plaintiff:

  i.    Freedom from the unreasonable seizure of his person;

  ii.    Freedom from the use of excessive, unreasonable and unjustified force against his person.

**COUNT ONE**
**42 U.S.C. §1983**
**False Arrest/False Imprisonment/Malicious Prosecution**
**Against All Defendants**

28.    Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

29.    Plaintiff claims damages for the injuries set forth above under 42 U.S.C. §1983 against defendant officers for violation of his constitutional rights under color of law.

30.    As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein alleged.

**COUNT TWO**
**Assault and Battery**

6

**Against All Defendants**

31.    Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

32.    Defendant officers assaulted and battered plaintiff.

33.    As a direct and proximate result of this assault and battery, plaintiff suffered the damages herein alleged.

## COUNT THREE
### False Arrest and Illegal Imprisonment
### Against All Defendants

34.    Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

35.    By their conduct, as described herein, the individual defendant officers are liable to plaintiff for falsely arresting and falsely imprisoning plaintiff.

36.    Plaintiff was conscious of the confinement.

37.    Plaintiff did not consent to the confinement.

38.    Plaintiff's confinement was not otherwise privileged.

## COUNT FOUR
### 42 U.S.C. § 1983
### EXCESSIVE USE OF FORCE
### Against the individual Defendants

39.    The plaintiff incorporates by reference the factual allegations set forth above as if fully set forth herein.

40.    The conduct of defendant officers occurred while they were on duty, under the color of law, in and during the course and scope of their official duties and functions as duly sworn

New York City police officers, and while they were acting as agents and employees of the City of New York and the NYPD, and as a result the defendants City of New York and the NYPD are liable to the plaintiff pursuant to the doctrine of respondeat superior.

41.   As a direct and proximate result of this misconduct and abuse of authority detailed above, plaintiff sustained the damages herein alleged

### COUNT FIVE
### 42 U.S.C. § 1983
### Against Defendant City

42.   The plaintiff incorporates by reference the factual allegations set forth above as if fully set forth herein.

43.   Prior to the date of the incident alleged herein, the City of New York developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in New York, which caused the violation of plaintiff's rights.

44.   It was the policy and/or custom of the City of New York to inadequately and improperly investigate citizen complaints of widespread, systemic police misconduct, and such acts of misconduct have instead been allowed by the City of New York.

45.   It was the policy and/or custom of the City of New York to inadequately and improperly supervise and train its police officers, including the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The City of New York

did not require appropriate in-service training or retraining of officers who were known to have engaged in police misconduct.

46.     The effects of any in-service training and re-training of officers known to have engaged in police misconduct were wholly negated by the rampant culture of misconduct and impunity sanctioned by the command structure of the New York City Police Department of New York.

47.     As a result of the above described policies and customs, police officers of the City of New York, including the Defendant Officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be allowed.

48.     The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City of New York to the constitutional rights of persons within the City, and were the cause of the violations of plaintiff's rights alleged herein.

### COUNT SIX.
### Respondeat Superior Liability
### Against the City of New York

49.     The plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

50.     The conduct of defendant officers occurred while they were on duty, under the color of law, in and during the course and scope of their official duties and functions as duly sworn New York City police officers, and while they were acting as agents and employees of the City of New York and the NYPD, and as a result

the defendants City of New York and the NYPD are liable to the plaintiff pursuant to the doctrine of respondeat superior.

51.    As a direct and proximate result of this misconduct and abuse of authority detailed above, plaintiff sustained the damages herein alleged

## COUNT SEVEN
## Negligent Hiring/Training/ Retention of Employment Services Against Defendant City

52.    Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

53.    Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

54.    Upon information and belief, all of the Individual Defendants were unfit and incompetent for their positions.

55.    Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the Individual Defendants were potentially dangerous.

56.    Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

57.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## COUNT EIGHT
### Failure to Intervene
### Against Individual Defendants

58.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

59.    Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

60.    Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

61.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.


## REQUEST FOR RELIEF

**WHEREFORE**, plaintiff requests that this Court:

(a)    Award compensatory damages against the defendants, jointly and severally;

(b)    Award punitive damages against the individual defendants, jointly and severally;

(c)    Award costs of this action to the plaintiff;

(d)    Award reasonable attorneys' fees and costs to the plaintiff pursuant to 28 U.S.C. § 1988;

11

(e)      Such other and further relief as this Court deems just and proper.


## JURY DEMAND


Plaintiff demands a jury trial.


Dated:        Brooklyn, New York
              September 21, 2015


                              _____
                              Amy Rameau, Esq.
                              The Rameau Law Firm
                              16 Court St, Suite 2504
                              Brooklyn, NY 11241
                              Phone: (718) 852-4759
                              rameaulawny@gmail.com

12